UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN W. JONES and VIOLA B. JONES,   )
                                    )
            Plaintiffs,             )   No. C-09-3858 SC
                                    )
    v.                              )
                                    )   ORDER GRANTING
PREMIER ONE FUNDING, INC.,          )   MOTIONS TO DISMISS;
GREENPOINT MORTGAGE FUNDING, INC.,  )   DENYING MOTION TO
DOES 1 THROUGH 50, INCLUSIVE,       )   STRIKE
                                    )
            Defendants.             )
                                    )
_____)

## I.   INTRODUCTION

Plaintiffs John W. Jones and Viola B. Jones ("Plaintiffs") brought this suit in Alameda Superior Court. See Notice of Removal, Docket No. 1, Ex. 15 ("Third Am. Compl."). Defendant Bank of America, N.A., ("Bank of America") removed the case to this Court because of federal questions raised in Plaintiffs' Third Amended Complaint. See Notice of Removal. GMAC Mortgage, LLC ("GMAC"), and Bank of America (collectively, "Defendants") have each brought a Motion to Dismiss. Docket Nos. 6 ("GMAC MTD"), 11 ("Bank of America MTD"). GMAC filed a Motion to Strike. Docket No. 7. Bank of America filed a Notice of Joinder in GMAC's Motion to Strike. Docket No. 12 ("Notice of Joinder"). Plaintiffs filed an Opposition to Defendants' Motions to Dismiss. Docket No. 13. GMAC and Bank of America filed Replies. Docket

Nos. 16 ("GMAC Reply in Supp. of Mot. to Strike"), 17 ("GMAC Reply in Supp. of MTD"), 18 ("Bank of America Reply to Pls.' Opp. to MTD"). For the reasons stated herein, the Motions to Dismiss are GRANTED, and the Motion to Strike is DENIED.

**II. BACKGROUND**

The following allegations are taken from Plaintiffs' Third Amended Complaint. Plaintiffs were the owners of a single family home at 915 92nd Avenue, Oakland, California. Third Am. Compl. ¶ 4. They were unable to make their mortgage payments on their $338,000 loan. Id. ¶ 5. They retained the assistance of Premier One Funding, Inc. ("Premier"), a licensed real estate broker, to assist with their financial problems. Id. ¶¶ 5-6. Plaintiffs allege that Premier falsely represented it could obtain a new loan for Plaintiffs that would reduce their mortgage payments. Id. ¶ 9.

Plaintiffs entered into a new loan for $400,500 on or around January 23, 2007. Id. ¶¶ 9-10. Greenpoint Mortgage Funding, Inc. ("Greenpoint") was the new lender. Id. After escrow closed, Plaintiffs realized Greenpoint had split the loan into two parts for the alleged purposes of evading California anti-deficiency laws, evading disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and for the alleged purpose of securing extra lender fees and costs. Id.

After the close of escrow, "Greenpoint assigned a portion of the loan to GMAC Mortgage and/or GMAC also known as General Motors Acceptance Corporation, hereinafter GMAC and or Bank of America."

Id. ¶ 15. Plaintiffs allege that their claims against the original creditors can also be asserted against GMAC and Bank of America. Id. Plaintiffs received letters advising them that Bank of America now owns the obligations. Id. ¶ 2. GMAC and Bank of America move to dismiss Plaintiffs' claims against them. GMAC MTD at 1; Bank of America MTD at 1. GMAC also moves to strike Plaintiffs' request for punitive damages, treble damages, and attorney fees. GMAC Mot. to Strike at 2-3.

## III. **LEGAL STANDARD**

### A. **Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. With regard to well-pleaded factual allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails

to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).

### B. **Motion to Strike**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally regarded with disfavor. Ganley v. County of San Mateo, No. 06-3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

### IV. **DISCUSSION**

Plaintiffs assert five causes of action against all Defendants: (1) Fraud and Deceit; (2) Breach of Statutory Duties under TILA and the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; (3) Unfair and Deceptive Practices in violation of California Business and Professions Code § 17200 et seq. ("section 17200"); (4) Negligence; and (5) Elder Abuse. Third Am. Compl. ¶¶ 16-37. Plaintiffs seek damages including punitive damages, treble damages, and reasonable attorney fees. Id. at 15-16.

### A. **Fraud and Deceit**

Plaintiffs allege that "defendants misrepresented the

4

interest rate and payments due on the loan to plaintiffs." Third Am. Compl. ¶ 17. They allege that "[a]ll defendants acquiring the loan from GreenPoint Mortgage Funding, Inc. knew or should have known the loan was created on the basis of this false and misleading representation." Id. They also allege that "[a]ll defendants acquiring the loan from GreenPoint Mortgage Funding, Inc. knew or should have known that the amortization of this loan was misrepresented." Id. ¶ 18.

The Court finds that these general allegations are not sufficient to state a claim for fraud against GMAC or Bank of America. Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (quotations omitted). Allegations of fraud "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The plaintiff must include "the who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Where multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud. Swartz v. KPMG LLP, 476 F.3d 756, 765-65 (9th Cir. 2007); DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Here, Plaintiffs' general allegations against all defendants fail to inform either GMAC or Bank of America of the nature of their alleged intentional participation in a scheme to defraud Plaintiffs. General allegations that portions of the loan were

5

assigned to GMAC and Bank of America, see Third Am. Compl. ¶ 15, or that Plaintiffs received notices indicating the loans were sold to Bank of America, see Opp'n at 1, do not satisfy Rule 9(b) particularity requirements for stating a fraud claim against either GMAC or Bank of America. The Court DISMISSES Plaintiffs' fraud claim as to both GMAC and Bank of America WITH LEAVE TO AMEND.

**B. Breach of Statutory Duties under TILA and HOEPA**

Plaintiffs allege that Defendants breached their statutory disclosure requirements under TILA and HOEPA. Third Am. Compl. ¶¶ 26-27. Greenpoint is the lender in this case, and Plaintiffs allege that the loans were assigned to GMAC and Bank of America. Id. ¶ 15. TILA has been amended to extend liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a),(d). A request for damages under TILA or HOEPA is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e).

Bank of America contends that Plaintiffs' TILA claim fails because it is time-barred. Bank of America MTD at 8. The one-year limitations period generally "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Here, the loan was consummated on or around January 23, 2007. Third Am. Compl. ¶ 9. Plaintiffs did not sue GMAC until April 18, 2008, and they did not sue Bank of America until June 5, 2009. See Notice of Removal, Ex. 5 ("First Am. Compl."); Third Am. Compl. Plaintiffs do not respond to the statute-of-limitations argument in their Opposition. See Opp'n at 1-3. The Court has no reason to think the amendments adding these

6

parties relate back to September 7, 2007, the date the original complaint was filed. See Notice of Removal, Ex. 3 ("Compl."). Based on the one-year limitations period, the Court DISMISSES Plaintiffs' TILA and HOEPA claims against GMAC and Bank of America WITH LEAVE TO AMEND.[1]

### C. Unfair and Deceptive Practices

Plaintiffs' third cause of action alleges that all Defendants have violated section 17200, which prohibits any unlawful, unfair or fraudulent business act or practice. Third Am. Compl. ¶¶ 32-34. This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Ct. App. 1993). Here, Plaintiffs accuse Defendants of:

> [A] Illegally splitting the loan; [B] Misrepresenting the interest rate and providing inconsistent statements for the cost of the loan; [C] packaging the transaction as a loan when defendants knew there was no possibility of repayment; [D] Engaging in 'bait and switch' tactics by promising a low interest loan and delivering loans that were substantially more expensive then [sic] represented in writing to plaintiffs.

Third Am. Compl. ¶ 33. Most of these allegations overlap with

---

[1] Plaintiffs may re-file their TILA and HOEPA claims if they have a basis for believing the one-year limitations period does not apply to GMAC and Bank of America. The Court does not reach Defendants' other arguments, such as the contention that they are mere servicers or subservicers of the loans at issue. GMAC Reply at 2; Bank of America MTD at 8. The Court does note, however, that neither GMAC nor Bank of America requested the Court to take judicial notice of documents establishing their status as mere servicers or subservicers.

7

Plaintiffs' fraud allegations, which the Court has already dismissed as to both GMAC and Bank of America. See Part IV(A), supra. Furthermore, Plaintiffs have not pled with particularity or described in any detail how the alleged conduct of GMAC and Bank of America violated any law or policy. Therefore, the Court DISMISSES Plaintiffs' section 17200 claim as to both GMAC and Bank of America WITH LEAVE TO AMEND.

**D.  Negligence**

Plaintiffs' fourth cause of action is for negligence. Third Am. Compl. ¶¶ 35-37. "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (Ct. App. 1998) (citation omitted). Plaintiffs' negligence allegations refer to conduct that occurred before Plaintiffs accepted the loan from Greenpoint. Plaintiffs state that "Defendants failed to provide an accurate 'good faith estimate' of the economic terms of the loans they were selling through Premier and failed to provide Premier the details on other loan programs reasonably available to plaintiffs . . . ." Third Am. Compl. ¶ 36. Since Plaintiffs also allege that GMAC and Bank of America are mere assignees of the loan or loans at issue, id. ¶ 15, negligent conduct that occurred before Plaintiffs accepted the loan cannot apply to GMAC or Bank of America. The Court DISMISSES Plaintiffs' fourth cause of action against GMAC and Bank of America WITH LEAVE TO AMEND.

///

### E. Elder Abuse Claim Against Bank of America

Plaintiffs' final cause of action accuses all Defendants of financial elder abuse in violation of California Welfare and Institutions Code Section 15610.30. Third Am. Compl. ¶¶ 38-42.[2] Financial abuse of an elder occurs when any person or entity takes, secretes, appropriates, or retains real or personal property of an elder adult for a wrongful use or with an intent to defraud, or both. Cal. Welfare & Inst. Code § 15610.30(a)(1). It also occurs when a person or entity assists in these activities. Id. § 15610.30(a)(2).

Here, Plaintiffs allege that in order to evade a California statute precluding a deficiency judgment against personal assets, Greenpoint split Plaintiffs' loan in two, and "Greenpoint sold or assigned one of the obligations and liens to GMAC Mortgage and/or Bank of America. Through this subterfuge, Countrywide, GMAC and Greenpoint hoped to evade the California anti deficiency laws." Third Am. Compl. ¶ 41. Plaintiffs' allegations suggest that Greenpoint was the wrongdoer, and Plaintiffs do not even allege that Bank of America was aware of the scheme. See id. Therefore, the Court DISMISSES the claim of financial elder abuse against Bank of America WITH LEAVE TO AMEND.

### F. Motion to Strike

GMAC moves to strike Plaintiffs' request for punitive damages, treble damages, and reasonable attorney fees. GMAC Mot. to Strike at 2-3. Bank of America filed a notice of joinder.

---

[2] The elder abuse claim against GMAC was dismissed in Superior Court on July 24, 2008. See Notice of Removal, Ex. 5.

9

Notice of Joinder. The issue would appear to be moot, since the Court has dismissed all of the causes of action against GMAC and Bank of America. See Parts IV(A)-(E), supra. The claim for punitive damages appears to be asserted against Premier only. See Third Am. Compl. at 15. Since Plaintiffs' request for treble damages and attorney fees also appears to apply to Greenpoint, who remains a defendant in this action, the Court DENIES the Motion to Strike.

## V. CONCLUSION

For the reasons stated above, Plaintiffs' first, second, third, and fourth causes of action against GMAC are DISMISSED WITH LEAVE TO AMEND. Plaintiffs' first, second, third, fourth, and fifth causes of action against Bank of America are DISMISSED WITH LEAVE TO AMEND. GMAC's Motion to Strike is DENIED. If Plaintiffs choose to amend their Complaint, they must do so within the next thirty (30) days. Plaintiffs are strongly encouraged to bring only those claims that they believe have evidentiary support. See Fed. R. Civ. P. 11(b)(3).

IT IS SO ORDERED.

November 30, 2009

_____
UNITED STATES DISTRICT JUDGE