UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. JONES and VIOLA B. JONES,<br><br>            Plaintiffs,<br><br>     v.<br><br>PREMIER ONE FUNDING, INC.,<br>GREENPOINT MORTGAGE FUNDING, INC.,<br>DOES 1 THROUGH 50, INCLUSIVE,<br><br>            Defendants. | No. C-09-3858 SC<br><br>ORDER GRANTING<br>MOTIONS TO DISMISS |

## I.  INTRODUCTION

Plaintiffs John W. Jones and Viola B. Jones ("Plaintiffs") brought this suit in Alameda Superior Court.  See Notice of Removal, Docket No. 1, Ex. 15 ("Third Am. Compl.").  Defendant Bank of America, N.A., ("Bank of America") removed the case to this Court because of federal questions raised in Plaintiffs' Third Amended Complaint.  See Notice of Removal.  On November 30, 2009, the Court dismissed Plaintiffs' claims against Bank of America and GMAC Mortgage, LLC ("GMAC"), with leave to amend. Docket No. 23 ("Nov. 30, 2009 Order").  Plaintiffs filed a Fourth Amended Complaint on December 17, 2009.  Docket No. 26 ("Fourth Am. Compl.").

GMAC and Bank of America now move to dismiss the claims brought against them in the Fourth Amended Complaint.  Docket Nos.

27 ("GMAC MTD"), 28 ("Bank of America MTD"). Plaintiffs responded to the motions, and GMAC and Bank of America filed replies. Docket No. 34 ("Pl.s' Resp."), 35 ("GMAC Reply"), 36 ("Bank of America Reply"). For the reasons stated herein, the motions to dismiss are GRANTED.

## II. BACKGROUND

### A. Plaintiffs' Allegations

Plaintiffs were the owners of a single family home at 915 92nd Avenue, Oakland, California. Fourth Am. Compl. ¶ 4. In an effort to reduce their mortgage payments, Plaintiffs entered into a loan for $400,500 on or around January 23, 2007.[1] Id. ¶¶ 9-10. Greenpoint Mortgage Funding, Inc. ("Greenpoint") was the lender. Id. After escrow closed, Plaintiffs realized Greenpoint had split the loan into two parts for the alleged purposes of evading California anti-deficiency laws, evading disclosure requirements of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), and for the alleged purpose of securing extra lender fees and costs. Id. ¶¶ 9-11.

After the close of escrow, "Greenpoint assigned a portion of the loan to GMAC Mortgage and/or GMAC also known as General Motors Acceptance Corporation, hereinafter GMAC and or Bank of America." Id. ¶ 15. Plaintiffs allege that their claims against the original creditors can also be asserted against GMAC and Bank of America. Id. Plaintiffs received letters advising them that Bank

---

[1] Plaintiffs have apparently misfiled their Fourth Amended Complaint because page three is missing. The alleged facts appear to be the same as in Plaintiff's Third Amended Complaint.

2

of America now owns the obligations.  Id. ¶ 2.  GMAC and Bank of America move to dismiss Plaintiffs' claims against them.  GMAC MTD at 1; Bank of America MTD at 1.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However, the court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  With regard to well-pleaded factual allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007).

### IV. DISCUSSION

Plaintiffs' Fourth Amended Complaint asserts two causes of

action against GMAC and Bank of America: (1) Breach of Statutory Duties under TILA and the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639; and (2) "Declaratory Relief to Insure Compliance with Statutory Duties in Foreclosure Mitigation and Credit Availability Act against Loan Servicers." Fourth Am. Compl. ¶¶ 24-38.

### A. TILA and HOEPA

The Court previously dismissed Plaintiffs' TILA and HOEPA claims against GMAC and Bank of America based on the one-year statute of limitations for a damages claim. Nov. 30. 2009 Order at 6-7. Plaintiffs now reassert their TILA and HOEPA claims against all Defendants, relying on the three-year statute of limitations that applies to the rescission remedy. Fourth Am. Compl. ¶ 29.

Plaintiffs allege that all Defendants breached their statutory disclosure duties under TILA and HOEPA. Fourth Am. Compl. ¶¶ 24-33. TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). HOEPA, an amendment to TILA, provides that "[a] creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and

4

expected income, current obligations, and employment." 15 U.S.C. § 1639(h). TILA has been amended to extend liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a). However, a servicer of a consumer obligation "shall not be treated as an assignee of such obligation . . . unless the servicer is or was the owner of the obligation." Id. § 1641(f).

Here, Plaintiffs' allegations relating to TILA and HOEPA violations focus on what Greenpoint, the lender, was required to do. Plaintiffs allege that Greenpoint failed to make adequate disclosures, Fourth Am. Compl. ¶¶ 26-27, extended credit to Plaintiffs without regard to their ability to repay, id. ¶ 28, and sold all or part of the loan without advising Plaintiffs of the identity of the new owner or assignee, id. ¶ 33. The allegations against Bank of America and GMAC hinge on the assertion that "[a]fter the close of escrow, Greenpoint assigned a portion of the loan to . . . GMAC and or Bank of America." Id. ¶ 15.

According to Bank of America, it cannot be liable to Plaintiffs under TILA or HOEPA because its "only role in this transaction was that it purchased a servicer of the loan." Bank of America MTD at 5. Bank of America states that it "does *not* own the loans at issue. BAC Home Loan Servicing, LP, an affiliate of Bank of America, though a separate entity, is merely the subservicer of the loan." Id. at 6 (italics in original). According to GMAC, the Fourth Amended Complaint does not adequately state facts to support that GMAC is an assignee of the loans at issue. GMAC MTD at 3.

Plaintiffs respond to the motions to dismiss as follows:

5

1      GMAC and Bank of America provide plaintiffs
       statements each month. These statements fail to
2      specify whether the senders are the owners or
       the servicers. We added these parties in an
3      effort to ferret out this information. . . .
       Plaintiffs will accept the representation of
4      Bank of America and GMAC that they are merely
       servicers. However, they believe that TILA now
5      requires that they supply the names of the
       actual owners of the obligations . . .
6      Plaintiffs ask this Court to order Bank of
       America and GMAC to supply plaintiffs counsel
7      the names and addresses and other identifying
       information of the actual owners. Once this
8      information is supplied, plaintiffs will dismiss
       these claims against GMAC and Bank of America,
9      without prejudice.

10   Pl.s' Resp. at 2-3.

11        It appears, then, that Plaintiffs have sued Bank of America

12   and GMAC in an effort to discover who owns the loan or loans at

13   issue in this case. Plaintiffs did not have to add Bank of

14   America and GMAC as parties in order to "ferret out this

15   information." Both California's rules of civil procedure and the

16   federal rules permit Plaintiffs to obtain discovery from

17   nonparties. See Cal. Code Civ. P. § 2020.010; Fed. R. Civ. P. 45.

18   Because a mere loan servicer usually cannot be treated as an

19   assignee, 15 U.S.C. § 1641(f), and because Plaintiffs accept the

20   representation of Bank of America and GMAC that they are mere loan

21   servicers, the Court DISMISSES the TILA and HOEPA claims with

22   respect to Bank of America and GMAC. The dismissal is WITH LEAVE

23   TO AMEND in the event that nonparty discovery reveals a basis for

24   asserting viable TILA and HOEPA claims against one or both of

25   these parties.

26        **B.   Declaratory Relief**

27        In their third cause of action, Plaintiffs assert that

28
                                    6

1  "Public Law 111-22 titled Helping Families Save Their Homes Act of
2  2009 was enacted for the purpose of compelling loan servicers such
3  as GMAC and Bank of America to provide assistance to persons such
4  as plaintiffs." Fourth Am. Compl. ¶ 37. In their response to the
5  motions to dismiss, Plaintiffs assert that this law imposes a duty
6  on Bank of America and GMAC to "discuss and negotiate loan
7  modification with plaintiffs." Pl.s' Resp. at 3

8  The Court has reviewed Public Law 111-22, section 201, which
9  has been codified as 15 U.S.C. § 1639a, and it does not require
10 loan servicers to engage in loan modification. The law protects
11 loan servicers who engage in modification activities from
12 liability. 15 U.S.C. § 1639a(b). As stated in the Congressional
13 findings, this law authorizes loan servicers "to modify mortgage
14 loans and engage in other loss mitigation activities," and it
15 establishes "a safe harbor to enable such servicers to exercise
16 these authorities." Pub. L. No. 111-22, § 201(a), 123 Stat. 1638
17 (2009). It does not compel servicers to provide modification
18 assistance to Plaintiffs. Accordingly, the Court DISMISSES
19 Plaintiff's third cause of action WITHOUT LEAVE TO AMEND.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

7

**V.     CONCLUSION**

For the reasons stated above, Plaintiffs' second cause of action is DISMISSED as to Bank of America and GMAC WITH LEAVE TO AMEND in the event that nonparty discovery reveals a basis for asserting a viable TILA or HOEPA claim against either party. Plaintiffs' third cause of action is DISMISSED as to all Defendants WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

March 10, 2010

UNITED STATES DISTRICT JUDGE

8